# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT
# OF TENNESSEE, NORTHERN DIVISION

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br>Plaintiff,<br>vs.<br>DENNIS R. BOLZE and CENTURION ASSET MANAGEMENT, INC.,<br>Defendants,<br>and<br>ADVANCED TRADING SERVICES, INC.,<br>Relief Defendant. | Civil Action No. 3:09 Civ. 088<br><br>Judge Curtis L. Collier |

## FINAL JUDGMENT ORDER RESOLVING ALL OUTSTANDING ISSUES, INCLUDING IMPOSITION OF RESTITUTION AND CIVIL MONETARY PENALTY

This matter comes before the Court on Plaintiff Commodity Futures Trading Commission's ("Commission" or "CFTC") Motion for Entry of a Final Judgment order Resolving All Outstanding Issues, Including Imposition of Restitution and a Civil Monetary Penalty against Dennis R. Bolze ("Bolze") and Centurion Asset Management ("CAM") ("Motion") and Memorandum in Support thereof ("Memorandum"). In an order entered on July 6, 2010, this Court found all defendants to be in default and granted judgment as to the liability of all defendants and entered permanent injunctions against them. The Court, having considered the entire record in this matter, including the Motion, Memorandum, and attachments, finds that good cause exists for the entry of the relief requested and grants the CFTC's Motion for Final Judgment and the requested relief. Accordingly, this Court hereby:

1

ORDERS judgment shall be and hereby is entered in favor of Plaintiff Commission and against Bolze and CAM (collectively "Default Defendants"), and imposes an order for restitution and civil monetary penalty as follows:

## I. RELATED CASES

1. On July 21, 2009, a federal grand jury sitting in the Eastern District of Tennessee returned an indictment against Bolze charging him with three counts of wire fraud and three counts of money laundering. *See U.S.A. v. Bolze*, Case No. 3:09-cr-93 (U.S. District Ct. E.D. Tenn.). On November 10, 2009, Bolze pleaded guilty to all counts in the Indictment. On August 26, 2010, Bolze was sentenced to 327 months imprisonment and ordered to pay criminal restitution in the amount of $13,061,358.00 to customers he defrauded. This restitution figure was calculated by totaling the money collected by Bolze and CAM from customers and subtracting the money that was paid back to customers during the period between April 2002 and December 2008 (the same period addressed by Plaintiff's complaint). On October 5, 2010, Judge Varlan entered the judgment against Bolze.

2. Some of the CAM customers who were defrauded, filed a Chapter 7 involuntary bankruptcy petition against Bolze on January 9, 2009, and that case is still pending. *See In re Dennis Bolze*, 09-bk-30075 (U.S. Bank. Ct. E.D. Tenn. 2009). On September 2, 2010, the Bankruptcy Trustee waived discharge of Bolze's debts; thus, an award of damages by this Court will not be subject to discharge in the bankruptcy proceedings.

## II. MONETARY SANCTIONS

### A. Restitution

3. Default Defendants' violations of the Commodity Exchange Act merit the award of restitution to the customers defrauded by Bolze and CAM. Default Defendants shall pay

2

restitution in the amount of $13,061,358.00, plus post-judgment interest (the "Restitution Obligation"). Defendants are jointly and severally liable for payment of the Restitution Obligation. Default Defendants shall receive a dollar-for-dollar credit against the Restitution Obligation for any payments made by them in satisfaction of the restitution amount ordered by the sentencing court in *U.S.A. v. Bolze*, Case No. 3:09-cr-93 (U.S. District Ct. E.D. Tenn.) or any applicable recovery by the Bankruptcy Trustee in *In re Dennis Bolze*, 09-bk-30075 (U.S. Bank. Ct. E.D. Tenn. 2009).

4. Post judgment interest shall accrue commencing on the date of entry of this Order and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Order pursuant to 28 U.S.C. § 1961(a).

## B. Civil Monetary Penalty

5. Default Defendants Bolze and CAM shall pay to the CFTC, a civil monetary penalty in the amount of $36,664,863.51, plus post-judgment interest (the "CMP obligation"). Default Defendants Bolze and CAM are jointly and severally liable for payment of the CMP obligation.

6. Post-judgment interest shall accrue beginning on the date of entry of this Order and shall be determined by using the Treasury Bill rate prevailing on the date of this Order pursuant to 28 U.S.C. § 1961(a).

## C. Payment Procedures, Priority of Monetary Sanctions and Partial Payments

7. To effect payment by Default Defendants and the distribution of restitution, this Court appoints the National Futures Association ("NFA") as "Monitor" to collect the restitution payments from Defendants, and make distributions set forth below. Because the Monitor is

3

acting as an officer of the Court in performing these services, NFA shall not be liable for any action or inaction arising from their appointment as Monitor, other than actions involving fraud.

8. Default Defendants shall make their required restitution payments under this Order in the name of "Bolze/Centurion – Restitution Fund" and shall send such restitution payments by electronic funds transfer, or by U.S. postal money order, certified check, bank cashier's check, or bank money order, to the Office of Administration, National Futures Association, 300 South Riverside Plaza, Suite 1800, Chicago, Illinois 60606 under cover of a letter that identifies the respective defendant as the payer and the name and docket number of this proceeding. Defendant shall simultaneously transmit copies of the cover letter and the form of payment to (a) the Director, Division of Enforcement, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581, and (b) the Chief, Office of Cooperative Enforcement, Division of Enforcement at the same address.

9. The Monitor shall oversee Default Defendants' Restitution Obligation, and shall have the discretion to determine the manner for distribution of funds in an equitable fashion to Default Defendants' customers, or may defer distribution until such time as the Monitor may deem appropriate. In the event that the amount of restitution payments to the Monitor are of a *de minimus* nature such that the Monitor determines that the administrative costs of making a restitution distribution is impractical, the Monitor may, in its discretion, treat such restitution payments as civil monetary penalty payments, which the Monitor shall forward to the Commission following instructions for civil monetary penalty payments set forth in Section II below.

10. Default Defendants shall execute any documents necessary to release funds that they have in any repository, bank, investment or other financial institution wherever located, in order to make partial or total payment toward the Restitution Obligation.

11. Default Defendants shall pay their CMP obligation by electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order. If payment is to be made other than by electronic funds transfer, the payment shall be made payable to the Commodity Futures Trading Commission and sent to the address below:

Commodity Futures Trading Commission
Division of Enforcement
Attn: Marie Bateman – AMZ-300
DOT/FAA/MMAC
6500 S. MacArthur Blvd.
Oklahoma City, OK 73169
(405) 954-6569

If payment is to be made by electronic funds transfer, Bolze and CAM shall contact Marie Bateman or her successor at the above address to receive payment instructions and shall fully comply with those instructions. Bolze and CAM shall accompany payment of the CMP Obligation with a cover letter that identifies them and the name and docket number of this proceeding. Bolze and CAM shall simultaneously transmit copies of the cover letter and the form of payment to: a) the Director, Division of Enforcement, Commodity Futures Trading Commission, Three Lafayette Centre, 1151 21st Street, N.W., Washington, DC 20581; and b) the Chief, Office of Cooperative Enforcement, Division of Enforcement, at the same address.

12. To the extent that any funds accrue to the U.S. Treasury as a result of the Restitution Obligation, such funds shall be transferred to the Monitor for disbursement in accordance with the procedures set forth above.

5

13. All payments by Default Defendants pursuant to this Order shall first be applied to satisfaction of the Restitution Obligation. After satisfaction of the Restitution Obligation in full, with the sole exception of *de minimus* payments set forth above, payments by Default Defendants pursuant to this Order shall be applied to satisfy their CMP obligation.

14. Any acceptance by the Commission and/or the Receiver or Monitor of partial payment from Default Defendants of the Restitution Obligation and/or CMP obligation shall not be deemed a waiver of Default Defendants' obligation to make further payments pursuant to this Order, or a waiver of the Commission's right to seek to compel payment from Default Defendants of any remaining balance.

15. Default Defendants shall not transfer, or cause others to transfer, funds or other property to the custody, possession, or control of any members of their family or any other person or entity for the purpose of concealing such funds from this Court, the Commission, the Bankruptcy Trustee or the Monitor until the Restitution Obligation and the CMP Obligation set forth above have been satisfied in full.

16. All notices required by this Order shall be sent by certified mail, return receipt requested. Notices to the CFTC shall be sent to the Director of Enforcement, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581. Default Defendants shall provide the CFTC with written notice of all changes to their contact telephone number(s) and/or mailing address(es) within ten (10) calendar days of the change(s).

17. Nothing in this Order is intended to limit or constrain the Bankruptcy Trustee's fulfillment of its responsibilities and duties as Trustee under the laws of the United States, the Bankruptcy Code and/or the orders of the United States Bankruptcy Court.

18. This Court shall retain jurisdiction of this cause to assure compliance with this Order, the Restitution Obligation and for all other purposes related to this action. This Order shall be interpreted and enforced according to the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Eastern District of Tennessee, Northern Division, and all provisions of the Act and Commission Regulations relating or referring to the obligations hereunder.

19. There being no just cause for delay, the Clerk of the Court shall enter final judgment against Bolze and CAM in this action forthwith and without further delay.

DONE AND ORDERED this _____ day of _____, 2011.

/s/ _____
The Honorable Curtis L. Collier
United States District Judge