UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION, ) ) ) | |
| Plaintiff, ) ) ) | 3:09-CV-88 |
| v. ) ) | Judge Curtis L. Collier |
| DENNIS R. BOLZE, *et al.*, ) ) | |
| Defendants. ) | |

**MEMORANDUM**

Before the Court is *pro se* Defendant Dennis R. Bolze's motion for reconsideration (Court File No. 56). Bolze seeks reconsideration of the Court's decision in his prior civil case, which he contends affected his criminal case. Plaintiff Commodity Futures Trading Commission ("Commission" or "CFTC") filed a response in opposition to Bolze's motion (Court File No. 57). After considering the parties' arguments and the relevant law, the Court will **DENY** Bolze's motion for reconsideration (Court File 56).

I. **RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

A. **Civil Action**

On March 3, 2009, CFTC filed a complaint against Defendants Dennis R. Bolze, Centurion Asset Management Inc. ("CAM"), and Advanced Trading Services Inc. ("ATS") (Court File No. 1). In the complaint, CFTC sought injunctive and other equitable relief for fraud and other violations of the Commodity Exchange Act (the "Act"). CFTC filed a motion for preliminary injunction against the defendants, among other motions, when the case was filed (Court File No. 6). Bolze's

codefendants were served in March 2009 and their summonses were also executed that month (Court File Nos. 23, 24). United States District Court Judge Thomas Varlan, the presiding judge at the time, held an evidentiary hearing on CFTC's motion for preliminary injunction on March 31, 2009 (Court File No. 26). In his ruling on CFTC's motion, Judge Varlan observed service had properly been effected upon Defendants CAM and ATS (Court File No. 27). Bolze, however, had not yet been served with the complaint or motions filed in the case because he was incarcerated. Accordingly, Judge Varlan ordered that the injunction be issued only with respect to Defendants CAM and ATS.

Bolze was finally served on May 7, 2009, and the summons was returned executed on May 12, 2009 (Court File No. 34).[1] This Court was reassigned the case on November 4, 2009 (Court File No. 37). On November 11, 2009, CFTC filed a motion for entry of default against the three defendants (Court File No. 40). The Clerk's Office entered default against the defendants on December 9, 2009 (Court File No. 42). CFTC filed a motion for default judgment against the defendants on May 17, 2010 (Court File No. 45).

On July 6, 2010, the Court entered an order of default judgment for a permanent injunction and other ancillary relief against the defendants (Court File No. 47). In the order, the Court observed all of the defendants had failed to timely answer or otherwise defend against the complaint within the time permitted by Fed. R. Civ. P. 12. The Court also noted none of the defendants had objected to the Clerk's entry of default. On March 2, 2011, the Court entered a final judgment order resolving all outstanding issues, including imposition of restitution and a civil monetary penalty

---

[1] The Court initially issued a show cause order against CFTC for failure to serve Bolze within the requisite 120 days pursuant to Fed. R. Civ. P. 4(m) (Court File No. 38). However, CFTC submitted a response to the show cause order and explained Bolze had, in fact, been served in a timely manner (Court File No. 41).

2

(Court File No. 53).

### B. Criminal Action

On March 3, 2009, a criminal complaint was also filed against Defendant Bolze (Case No. 3:09-cr-93, Court File No. 1). The complaint alleged charges of wire fraud and money laundering, in violation of 18 U.S.C. § 1343 and 18 U.S.C. § 1957. Bolze was subsequently indicted by a federal grand jury for three counts of wire fraud and three counts of money laundering on July 21, 2009 (Case No. 3:9-cr-93, Court File No. 23). A forfeiture allegation was also included in the indictment. After pleading guilty to all six counts in the indictment at his rearraignment, Bolze's sentencing was held on August 26, 2010 before Judge Varlan (Case No. 3:09-cr-93, Court File No. 90). Judge Varlan sentenced Bolze to a total term of imprisonment of 327 months (Case No. 3:09-cr-93, Court File No. 94). Bolze is presently incarcerated.

Bolze appealed his sentence to the United States Court of Appeals for the Sixth Circuit (Case No. 3:09-cr-93, Court File No. 95). The Sixth Circuit, however, affirmed the sentence and judgment of the sentencing court. *See United States v. Bolze*, 444 F. App'x 889, 2012 WL 34374 (6th Cir. Jan. 9, 2012). Bolze then filed a petition for writ of certiorari, which was subsequently denied by the U.S. Supreme Court (Case No. 3:09-cr-93, Court File Nos. 106, 107).

## II. DISCUSSION

Bolze asks the Court to reconsider its decision to enter an order of default judgment in his civil case (Court File No. 56). First, Bolze argues he was never given proper notice of the civil case nor was he ever given an opportunity to put forth a defense. As an example, he claims he was held liable for alleged wrongdoings at an evidentiary hearing at which neither he nor counsel was present.

3

Second, Bolze contends this Court's determinations in the civil action directly and negatively affected his criminal case. He claims he was never made aware that the civil action could affect his criminal case, and his sentence was enhanced due to findings from the civil case. For both of these reasons, he asks the Court to reconsider the issues in his civil case.

CFTC, in response, avers Bolze's motion should be denied (Court File No. 57). With respect to the civil action, CFTC contends Bolze was given adequate notice of the civil action before the Court entered default judgment against him. Moreover, CFTC avers the order from the preliminary injunction hearing that Bolze references above was not even applicable to Bolze. With respect to the criminal action, CFTC argues this Court lacks jurisdiction over Bolze's criminal judgment. Therefore, Bolze should not be allowed to raise arguments pertaining to matters such as his sentencing enhancement before this Court. Moreover, CFTC contends that, even if the Court did consider such evidence, the record would show the sentencing court's decision to enhance Bolze's sentence "for violating commodity law (failure to register as a commodity pool operator) was based on evidence offered and admitted during the criminal sentencing hearing in which Bolze testified and was represented by counsel" (*id.* at 2).

Although Petitioner does not offer a legal basis for seeking reconsideration, the Court will generously construe his motion as being brought under Fed. R. Civ. P. 55(c). Rule 55(c) provides that a party can move to set aside a default judgment pursuant to the grounds for relief provided under Fed. R. Civ. P. 60(b).[2] Those grounds for relief include:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been

---

[2] Bolze's motion was timely filed under Fed. R. Civ. P. 60(b).

4

discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Even assuming *arguendo* Bolze's claims fell within one of these grounds for relief, Bolze has not demonstrated why his default judgment should be set aside.[3]

Beginning with the civil action, Bolze has not demonstrated any grounds justifying relief. He appears to be arguing he was not properly served nor given an opportunity to defend himself prior to the Court's entry of default judgment. The record, however, does not match Bolze's recollection. Bolze was served on May 7, 2009, and the summons was returned executed on May 12, 2009. This was, in fact, well within the 120-day time limit allowed after the complaint is filed to serve a defendant under Fed. R. Civ. P. 4(m). After Bolze was served, he had every opportunity to file an answer or otherwise defend against the complaint as permitted under Fed. R. Civ. P. 12. However, he failed to do so. Moreover, even after the Clerk's entry of default was filed on December 9, 2009, Bolze submitted no objection. Thus, the Court acted well within its authority to enter an order of default judgment on July 6, 2010, more than one year after Bolze had been initially served and put on notice of the pending civil action.

---

[3] Bolze has not alleged there was any mistake, newly discovered evidence, or fraud such that his claims would fall under Rule 60(b)(1), (2), or (3). Moreover, he has not alleged any of the grounds under 60(b)(5). At best, his claims might fall under 60(b)(4) or 60(b)(6).

Bolze also claims he was unable to defend himself at the evidentiary hearing before Judge Varlan on March 31, 2009. He argues the district court judge found him liable for alleged wrongdoings and the findings from this hearing were later used by the court to issue its order and subsequent injunctions. The problem with Bolze's argument, however, is that the purpose of the evidentiary hearing was to decide CFTC's motion for preliminary injunction. Judge Varlan expressly stated in his order post-hearing that the injunction would be issued solely with respect to Defendants CAM and ATS because Bolze had not yet been served. Thus, Bolze's arguments regarding his inability to put forth a defense at the hearing are immaterial and unavailing.

With respect to Bolze's criminal action, the Court similarly concludes Bolze cannot be afforded any relief under Rule 60(b). Bolze contends he is not asking this Court to review or reconsider his judgment in the criminal case. Rather he just wants an opportunity to have a rehearing of his civil case so he can obtain a fair and just criminal sentence. The Court, however, can only rehear a civil case under limited circumstances pursuant to Rule 60(b) and Petitioner has failed to demonstrate how any of those grounds apply to the instant case.[4] Moreover, to the extent, Bolze is asking this Court to pass judgment in any form on the decisions made in his criminal case, this Court agrees with CFTC that those issues are outside of this Court's purview. For instance, in his motion,

---

[4] Bolze notes in his reply brief "[t]here is ample precedence for this need to review civil proceeding[s] since 9/11 and the financial meltdown of the United States economy" (Court File No. 58 at 2). Yet, neither case that Bolze references offers this Court any authority to *sua sponte* review Bolze's civil case as Bolze appears to be suggesting. For instance, Bolze cites to *United States v. Speer*, 419 F. App'x 562, 2011 U.S. App. LEXIS 6679 (6th Cir. 2011). However, in *Speer*, the appellate court reversed and remanded the money laundering convictions at issue to the *criminal* sentencing court. Bolze also references a case named *Poulsen v. Bank One/Chase Bank*. He contends the MDL court in *Poulsen* allowed the civil case to proceed even though it could affect the criminal action. Although Bolze offers no case citation, presumably, he is referring to the MDL action, *In re National Century Financial Enterprises, Inc., Inv. Litigation.*, 2:03-md-1565 (S.D. Ohio). Either way, the proposition for which Bolze offers this case again is irrelevant to the instant matter.

6

Bolze contends the indictment, his plea agreement, and his defense counsel failed to inform him of the effect the civil case could have on his criminal case. He also claims his plea was not entered into knowingly and voluntarily. Finally, he raises various arguments with regard to the sentencing enhancement imposed pursuant to USSG § 2B1.1(b)(17)(B) pertaining to his activities in the civil action. While these are arguments Bolze could have raised on direct appeal of his criminal case or in his 28 U.S.C. § 2255 motion, these are not matters to be decided by the district court involved in his civil case for which a final judgment has been entered. Accordingly, the Court cannot provide the relief Bolze has requested.

## III. CONCLUSION

For the foregoing reasons, the Court will **DENY** Bolze's motion for reconsideration (Court File No. 56).

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**